Filed 7/20/23  P. v. Uribe CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080159 |
| v. | (Super.Ct.No. RIF123822) |
| DAVID RUBEN URIBE, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion herein, filed on April 14, 2023, is modified as follows:

On page 1 of the opinion, "John D. Ferguson, Judge," should be deleted and replaced with, "John D. Molloy, Judge."

The modification does not affect the judgement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                                                        P. J.

1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID RUBEN URIBE,<br><br>    Defendant and Appellant. | E080159<br><br>(Super.Ct.No. RIF123822)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Jon D. Ferguson, Judge. Affirmed with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant David Ruben Uribe appeals the Riverside County Superior Court's summary denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We will order correction of the record and affirm.

## BACKGROUND

Defendant was convicted of first degree murder in February 2011 and we affirmed the judgment.  (*People v. Uribe* (Mar. 13, 2013, E053314) [nonpub. opn.] (*Uribe I*).)  Thereafter, defendant twice petitioned the trial court for section 1172.6 resentencing with respect to that conviction without success.  This appeal is from the court's denial of his second petition.

1. *Defendant's appeal from the dismissal of his first petition*

In his appeal from the dismissal of his first petition for resentencing, defendant argued the trial court erred because the jury's special-circumstance findings did not preclude him from obtaining relief under section 1172.6.  He also claimed remand was required on due process grounds because he had a statutory right to submit a brief after his counsel was appointed and no brief was filed.  We found defendant was not eligible for resentencing relief as a matter of law because his conviction does not come within the requirements of section 1172.6.  (*People v. Uribe* (Jan. 25, 2022, E075761) [nonpub. opn.] (*Uribe II*).)  On February 23, 2022, we denied his petition for rehearing.  Thereafter, the Supreme Court denied his petition for review (Mar. 30, 2022, S273330).

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

2. *The denial of defendant's second petition resulting in this appeal*

In June 2022, just six months after we issued our opinion in *Uribe II*, defendant filed another petition pursuant to 1172.6, again seeking resentencing in the same matter that was the subject of his first petition. Defendant waived his appearance but was represented by counsel at the hearing, who submitted following the People's oral motion to deny the petition with prejudice. The court granted the motion, stating on the record that the petition "is denied with prejudice." The minutes of the hearing reflect the denial, but does not include the fact that the denial was with prejudice.

On appeal, defendant's appointed appellate counsel filed an opening brief in accordance with the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 stating that counsel reviewed the record and did not find an arguable issue. Counsel suggests two potentially arguable issues involving special circumstances set forth in subdivision (a) of section 190.2, which were addressed in *Uribe II.*: whether defendant is precluded from resentencing relief on account of either (i) the jury's true finding on the victim witness special circumstance set forth in subdivision (a)(10), or (ii) its true finding on the subdivision (a)(15) lying-in-wait special circumstance.

We offered defendant an opportunity to submit a supplemental brief, but none was filed.

## DISCUSSION

As a general rule, if this court has made a determination in an earlier appeal that a defendant is not eligible for section 1172.6 relief as a matter of law, and defendant then

3

later appeals from a denial of a second 1172.6 petition filed in the same case, dismissal of the appeal is an appropriate remedy.  But, if we find correction of the record in the second appeal is necessary, then we affirm with directions to fix the error.

Here, defendant's second resentencing petition sought the same relief in the same matter as his first petition even though our opinion in *Uribe II.* had already made clear that his conviction does not meet the requirements of section 1172.6 as a matter of law. We will not dismiss his appeal from the trial court's denial of the second petition, however, because the court's order set forth in minutes of the hearing on that petition differs from the order contained in the reporter's transcript.

Where there is a discrepancy between the reporter's transcript and the minutes that cannot be harmonized, which record will prevail depends on the circumstances of each particular case.  (*People v. Harrison* (2005) 35 Cal.4th 208, 226.)  Here, we deem the reporter's transcript to be the accurate record.  Accordingly, we will affirm the trial court's order denying defendant's petition with prejudice and order correction of the record.

**DISPOSITION**

The judgment is affirmed with directions to correct the October 28, 2022 minute order to read, "Petition for 1170.95 denied with prejudice," and "Motion/Petition denied with prejudice."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

FIELDS
J.

[*The People v. David Ruben Uribe*, E080159]

MENETREZ, J., Dissenting.

I respectfully dissent because I would dismiss the appeal as abandoned under

*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.

MENETREZ_____

J.

1